IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

01 NOV 29 PM 3: 23

WALTER SCOTT MOYERS,            )
                                )
        Petitioner,             )
                                )
vs.                             )   Case No. CV-00-BU-2811-M
                                )
E.L. HARRELSON, Warden;, and the)
ATTORNEY GENERAL OF THE STATE   )
OF ALABAMA,                     )
                                )
        Respondents.            )

**ENTERED**
NOV 29 2001

MEMORANDUM OPINION

This is an action for habeas corpus relief, pursuant to 28 U.S.C. § 2254. For the reasons explained below, the court concludes that there is no habeas relief remaining available to petitioner and that, therefore, this action is due to be dismissed as moot.

Procedural History

On March 24, 1997, petitioner pled guilty in the Circuit Court of Etowah County to second-degree possession of a forged instrument and, pursuant to a plea agreement, was sentenced to three years imprisonment, which was suspended, however, with petitioner being placed on three years' probation. Almost two years later, on February 4, 1999, petitioner's probation was revoked because he failed to report as required and failed to pay certain supervision fees. Upon revocation, his original three-year sentence was modified to 24 months in custody with the requirement that he

18

enroll in and complete a long-term substance abuse program. Petitioner alleges that he instructed his attorney to appeal the revocation of probation and the substance-abuse program condition of the revocation sentence, but, instead, his attorney only filed a motion for reconsideration on March 4, 1999, coupled with a request to withdraw from representation of petitioner. The reconsideration was denied, but counsel was allowed to withdraw in an order entered March 12, 1999.

On August 10, 1999, petitioner filed a motion to "return to court," a procedure apparently designed to allow the trial judge to reduce or eliminate a custodial sentence once the defendant has met certain conditions. That motion was denied by the court on August 16, 1999, expressly because the petitioner had not enrolled in the long-term substance abuse program as required by the revocation order. Petitioner filed his *pro se* notice of appeal on September 2, 1999. The Alabama Court of Criminal Appeals dismissed the appeal on September 15, 1999, as being an appeal from a non-appealable order. Petitioner filed subsequent motions to alter, amend, or modify the sentence, all of which were denied, and his attempts to appeal from these denials also were dismissed as appeals from non-appealable orders.

On May 4, 2000, petitioner filed a Rule 32 petition to vacate or set aside his probationary sentence, but later withdrew it when his application for leave to proceed *in forma pauperis* was denied.

Ultimately, on December 5, 2000, petitioner was returned to the Circuit Court of Etowah County upon completion of the substance abuse program. On that day, he was ordered released from custody as having completed his sentence.

Two months before he was released from custody, petitioner filed the instant habeas action in this court on October 4, 2000. He alleged two grounds for relief: first, that he was denied his right to appeal the probation revocation and modification of his probationary sentence, and second, that he received ineffective assistance of counsel in relation to the probation revocation because his attorney failed to seek a continuance of the revocation hearing, failed to prepare for the hearing, and failed to appeal the revocation as instructed by petitioner. The court finds that petitioner's release from custody upon completion of his sentence on December 5, 2000, moots this case.

Mootness

Respondents have asserted that the case is due to be dismissed because petitioner no longer meets the "in custody" requirement of § 2254. The courts have repeatedly held:

> District courts may entertain petitions for habeas relief only from persons who are **"in custody in** violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); <u>Maleng v. Cook</u>, 490 U.S. 488, 490, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). Jurisdiction normally does not extend to a petitioner who challenges a conviction after his sentence

3

has fully expired. Id., 490 U.S. at 490-92, 109 S.Ct. at 1925-26.

White v. Butterworth, 70 F.3d 573, 574 (11th Cir. 1995). The "in custody" requirement is met if, at the time the habeas action is filed, the petitioner is in custody, even if released during the pendency of the habeas action. The Supreme Court explained the distinction between mootness and the "in custody" requirement in Maleng v. Cook, 490 U.S. 438, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), where they said:

> In Carafas, the petitioner filed his habeas application while he was actually incarcerated under the sentence he sought to attack, but his sentence expired and he was unconditionally discharged from custody while his appeal from the denial of habeas relief below was pending before this Court. The State argued that the unconditional discharge rendered the case moot. We rejected this argument, holding that the "collateral consequences" of the petitioner's conviction--his inability to vote, engage in certain businesses, hold public office, or serve as a juror--prevented the case from being moot. Id., 391 U.S., at 237-238, 88 S.Ct., at 1559. We went on to say, however, that the unconditional release raised a "substantial issue" as to the statutory "in custody" requirement. Id., at 238, 88 S.Ct., at 1559-1560. While we ultimately found that requirement satisfied as well, we rested that holding not on the collateral consequences of the conviction, but on the fact that the petitioner had been in physical custody under the challenged conviction at the time the petition was filed. Ibid.

Id., at 491-492 (citing Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968)). Thus, because petitioner was in physical custody at the time the habeas action here was filed, he met the "in custody" requirement.

4

Unlike the circumstances considered by the Supreme Court in Carafas, the existence of collateral consequences arising from petitioner's conviction in this case does not prevent his release from custody from mooting this action. First, it is important to understand the exact nature and scope of the habeas challenge raised here. Petitioner attacks only the aftermath of his probation revocation, saying that his attorney failed to adequately represent him in relation to the hearing to revoke his probation and failed to appeal the revocation as requested. **He does not attack the constitutional validity of the underlying conviction upon which his probation was based**. The habeas relief sought in this action focuses upon petitioner's desire to be released from the long-tern substance abuse condition of the revocation sentence. Once he completed that requirement and was released from custody on December 5, 2000, with no further obligation or restraint as a result of the conviction, there remained no more habeas relief this court could afford petitioner. The fact that the underlying conviction itself **does** have collateral consequences for petitioner, affecting his right to vote and to hold public office, is not relevant because of the nature of the habeas relief requested in this action. Again, petitioner does not argue that the conviction itself is invalid, only that his probation revocation proceedings were unfair. Thus, even if the court could still release petitioner from the consequences of the probation revocation (which

5

it no longer can do because they have expired), the collateral consequences of having a felony conviction would still exist. By not attacking the conviction itself, petitioner has not sought to be relieved of those collateral consequences. Insofar as petitioner seeks relief from the consequences of the probation revocation, however, there is no relief left because the revocation sentence has expired and petitioner has been released from all custody and restraint flowing from the revocation. Because there is nothing left for this court to do, the action must be dismissed as moot. "A case is moot when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief." Jews for Jesus, Inc. v. Hillsborough County Aviation Authority, 162 F.3d 627 (11th Cir. 1998) (citing Pacific Insurance Co. v. General Development Corp., 28 F.3d 1093, 1096 (11th Cir. 1994)).[1]

---

[1] Although the Respondents have not pled mootness as a basis for dismissal, the court can raise it *sua sponte* because it goes to whether the court is properly exercising Article III power. As the Eleventh Circuit has explained:

> Article III of the Constitution *limits the jurisdiction of the federal courts* to the consideration of "Cases" and "Controversies." U.S. Const. art. III, § 2. "The doctrine of mootness is derived from this limitation because an action that is moot cannot be characterized as an active case or controversy." Adler v. Duval County Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997) (citing Church of Scientology Flag Serv. Org. v. City of Clearwater, 777 F.2d 598, 604 (11th Cir. 1985)). [Italics added].

Florida Ass'n of Rehabilitation Facilities, Inc. v. State of Fla.

## Conclusion

Although the court disagrees with the respondents that petitioner has not met the "in custody" requirement, the case is nonetheless due to be dismissed as moot. A separate order will be entered to do so.

DONE this the  29th  day of November, 2001.

_____
H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE

---

Dept. of Health and Rehabilitative Services, 225 F.3d 1208 (11th Cir. 2000). See also IAL Aircraft Holding, Inc. v. F.A.A., 216 F.3d 1304 (11th Cir. 2000).